# CURRENT COURT OF APPEALS--Continued

## No. 651

### HARRIS v. MANHATTAN REAL ESTATE CO.

Ohio Appeals, 8th District, Cuyahoga Copnty
No. 4339.   Decided May 24, 1923

This opinion has not been published except in Abstract

**290.   PRINCIPAL AND AGENT.**

Recovery of real estate (312A) commission by undisclosed principal.   Lease—Lessee (231) must signify acceptance of lease to lessor, not to broker.

SAYRE, J., 4th District, sitting.

#### Epitomized Opinion

Real Estate Co. sued Harris in Cleveland Municipal Court to recover $2,000 on the ground that its agent had secured lessee willing to lease Harris property and that Harris had agreed to pay therefor $2,000.   Evidence disclosed that the agent did not disclose who was the principal.   The agent had been a salesman for Real Estate Co. for three years at the time of the trial, June, 1922, and the alleged contract with Harris was made April, 1920.   There was no evidence that the agent was acting for anyone but the real estate company.   Agent found persons who were willing to enter into the lease, but their willingness was expressed to agent and by him to Harris.   No lease was entered into.

Certain terms of the proposed lease were proved, including a building clause, but the terms of the building clause were not put in evidence.   The court charged the jury that if the lessees were willing to enter into a lease on the terms required by Harris, it was sufficient if these facts were communicated by the agent to Harris.   The Court of Appeals in reversing the judgment for plaintiff, held:

1. It is not enough that the prospective lessees be ready, willing and able to buy on the terms fixed, that they signify their acceptance to the broker, and that he so inform the owner, but the two principals must be brought into communication with each other.   The broker must bring them into personal contact or so arrange that they may in some way negotiate with each other in respect to the property to the end that a binding contract may be entered into.   124 Iowa 61.

2. The terms of the lease were not sufficiently proved.   It was incumbent to prove not only that there was a building clause, but also what the terms were.

3. The Real Estate Co. was only required to make probable the theory that when the agent was dealing with Harris he was acting for the Company.   This the Company established.

**Attorneys**—Halle & Harber, for Harris; R. D. Morgan and E. W. McGhee, for Real Estate Co.

---

## No. 652

### KIRCHNER v. SAW MILL & LUMBER CO.

Ohio Appeals, 8th District, Cuyahoga County
No. 4346.   Decided May 24, 1923

This opinion has not been published except in Abstract.

**172.   EVIDENCE.**

Recovery based on proof that goods were billed to a person and charged to him on books of company to his knowledge.

SAYRE and MAUCK, 4th District, sitting.

PER CURIAM.

#### Epitomized Opinion

Action by Lumber Co. for certain materials.   Evidence disclosed that the materials were billed by Lumber Co. to Kirchner, charged to him on books

of the Company, that Kirchner knew that bills and delivery slips were made out in his name, that Kirchner was told that the material would be delivered in his name.   Cuyahoga Common Pleas rendered judgment for Lumber Co.   Court of Appeals in affirming judgment held:

1. From examination of the records it is impossible for this court to say that the judgment is against the manifest weight of evidence.

**Attorneys**—Quigley & Byrnes, for Kirchner; Young, Stocker & Fenner, for Lumber Co.

Note:   Opinion fails to disclose to whom goods were delivered and upon whose authorization.)

---

## No. 653

### ESTATE OF GEORGE W. ANDREW

Appealed by L. M. Westropp and M. R. Andrew,
Ohio Appeals, 8th District, Cuyahoga County

No. 4781.   Decided June 4, 1923

This opinion has not been published except in Abstract.

**170.   ESTATES.**

Setting aside widow's allowance—Nunc pro tunc order.

VICKERY, J.:

#### Epitomized Opinion

G. W. Andrew died intestate leaving Maude Andrew his widow.   L. Westropp was arpointed administratrix.   She had an appraisal made and the appraisers set off $3,500 as the year's support for the widow.   Two sons applied to the Probate Court fro a reduction of the year's allowance.   The court on April 5, 1922, made an order vacating the allowance as fixed by the appraisers, but in the entry failed to fill in the amount of the allowance.   In October, 1922, a suit was instituted to correct the journal and on October 18, the Probate Court made an order as of April 5, 1922, correcting the former arder and barring her from any allowance on the ground of a contract between deceased and his wife in lieu of allowance.   The order was appealed to Common Pleas Court and this court, finding that the contract was never signed by Mrs. Andrew, allowed her $3,500 for a year's support.

Error was prosecuted on the ground that the order of October 18, being a nunc pro tunc order, should date as of April 5 and the case was therefore not appealed in time to Common Pleas Court.   The Court of Appeals in affirming the judgment of Common Pleas held:

1. The order of April 5 was not a final order.   The order of October 18 was a final order from which appeal could be had.   The Probate Court has no power to make a nunc pro tunc entry unless in furtherance of justice.   71 O. S. 50.   Therefore the order of October 18 was not a nunc pro tunc order, but being a final order the time for appeal begins to run from that date.

**Attorneys**—A. M. Gibbons, for plaintiff; R. J. Selzer, for defendant.