**PRENCSIL, Plaintiff-Appellant, v. GOLASKA et al, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21521. Decided December 5, 1949.

Lody Huml, Cleveland, for plaintiff-appellant.
Cull & Cull, Cleveland, for defendants-appellees.

(GUERNSEY, PJ, MIDDLETON, J, of 3rd District: DOYLE, J, of the 9th District sitting by designation in 8th District.)

### OPINION

By GUERNSEY, PJ.
This is an appeal upon questions of law from a judgment

of the common pleas court of Cuyahoga County in an action pending therein wherein the appellant, James Prencsil was plaintiff and the appellees, James Golaska and others were defendants.

The action is one instituted by the plaintiff to recover a commission under a written contract entered into between the said James Prencsil and the defendant, James F. Golaska, whereby the said James F. Golaska employed the plaintiff as a real estate broker for a stipulated commission to procure a purchaser for and sell certain real estate owned by him, upon the terms set forth in said contract. The sale of the said real estate was not effected and the claim for commission is based on the alleged refusal of the said Golaska to sell said real estate upon the terms prescribed in said contract to a purchaser procured by the plaintiff.

On the trial of this cause in the common pleas court the court granted defendant's motion to arrest the taking of testimony and to enter judgment in favor of the defendants which was done. This is the judgment from which this appeal was taken.

In order that a real estate broker may recover a commission from his principal for the sale of real estate, where the sale is not consummated, it is necessary that he should not only procure a purchaser able, ready and willing to complete the purchase but also procure the execution by the proposed purchaser of an enforcible contract for the purchase thereof; or that he bring the vendor and proposed purchaser together so that the vendor may procure such a contract. **Patton v. Alessi, et al, 42 Oh Ap 91; Hrovat v. Krall, 28 Oh Ap 46; Harris v. Manhattan Real Estate Co., 1 Abs 616;** Mattingly v. Pennie, 105 Cal. 514.

To be enforcible, such a contract is required by the statute of frauds to be in writing.

In the instant case, it conclusively appears that the plaintiff did not procure the execution of an enforcible contract on the part of the proposed purchaser, the agreement of the purchaser not being in writing; and the plaintiff did not bring the vendor and the proposed purchaser together so that the vendor might have procured such a contract. Consequently the plaintiff is not entitled to recover any commission under the contract entered into between him and the defendant Golaska.

The judgment of the common pleas court is therefore affirmed. Exceptions noted.

MIDDLETON, J, DOYLE, J, concur.