## EISENBERGER et, Plaintiff-Appellant, v. ZIEHLER et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2156.   Decided November 21, 1951

Kusworm & Kusworm, Dayton, for plaintiff-appellant.

Clarence J. Stoecklein, Robert J. Stoecklein, Dayton, for defendants-appellees.

## OPINION

By MILLER, J:

This is a law appeal from a judgment of the Common Pleas Court finding on the issues joined in favor of the defendants. The action was one wherein the plaintiff sought to recover $10,000.00 commission for the alleged procuring of a purchaser ready, willing and able to purchase the defendants' business and real properties, upon the terms and conditions stipulated in the defendants' written offer.

To the petition the defendants filed a general denial.   A jury trial was waived and the cause was submitted to the Court.   The judgment entry recites that the court "* * * finds on the issues joined for the defendants. * * *"   It will be noted that the Court's finding is general, there being no separate finding of conclusions of law and fact.   Such a general finding connotes that the trial court found for the defendants on all disputed factual questions.   The only error urged is that the judgment is against the manifest weight of the evidence.

The record discloses a conflict in the testimony as to the terms of the plaintiff's parol contract of employment, that is,

whether he was required only to procure a ready, willing and able purchaser or whether he was to secure an enforceable sales contract. If the employment was to procure a contract for the sale of the property the plaintiff must fail, for there is no evidence in the record that the plaintiff ever secured a written acceptance of the defendants' written offer to sell said real estate. As the subject matter of the purported contract comes within the statute of frauds a parol acceptance of the defendants' offer would not create a contract which is legal and enforceable. Under the defendants' theory of the contract the commission would not be earned because of the plaintiff's failure to procure a sale or the execution of an enforceable sales contract.

In the case of **Prencsil v. Golaska, 56 Abs, 90**, the court held:

"1. In order that a real estate broker may recover a commission from his principal for the sale of real estate, where the sale is not consummated, such broker must not only procure a purchaser ready, willing and able to complete the purchase, but either procure the execution of an enforcible contract of purchase by the proposed purchaser; or bring the vendor and purchaser together so that the vendor may procure such a contract.

"2. Such a contract of purchase as above to be enforcible must be in writing."

Also in the case of **Patton v. Alessi, et al., 42 Oh Ap, 91**, the Court held:

"In order that a real estate broker may recover a commission from his principal for the sale of real estate, which sale was not consummated, it is necessary that he should not only procure a purchaser ready, able and willing to complete the purchase but procure the execution of an enforcible contract."

See also **Hrovat v. Krall, 28 Oh Ap 46; Pfanz v. Hamburg, 82 Oh St 1; McKay v. Latimer, 3 Abs 23; Harris v. Manhattan Real Estate Co., 1 Abs 616.**

In considering the plaintiff's theory that he was only to procure a purchaser ready, willing and able to purchase the defendants' property at the defendants' offered price in order to have earned the commission, there is again a conflict in the testimony, the defendants' agents testifying that they were never informed that the plaintiff's client was ready, willing and able to purchase the property prior to the revocation of the defendants' offer to sell. Under either theory of the plaintiff's employment, by resolving the conflicting testimony in favor of the defendants and which we are required to do, the judgment of the trial court would have to be sustained.

For us to discuss in detail the testimony of the various witnesses would serve no useful purpose here, as we are satisfied that the judgment must be sustained for the reasons heretofore given.

After carefully examining the entire record it is our conclusion that the judgment is neither contrary to law nor against the manifest weight of the evidence.

Finding no error in the record, the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.